IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RANDU ESCOTO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 6:25-CV-03364-BCW |
| ) | |
| JIM ARNOTT, in his official capacity as ) | |
| Greene County, Missouri Sheriff and ) | |
| Warden of Greene County Jail, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Randu Escoto's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. (Doc. #1). The Court, being duly advised of the premises, in consideration of the Verified Petition, the Respondents' brief (Doc. #4), and Escoto's traverse (Doc. #5), grants the petition for habeas corpus relief as follows.

### BACKGROUND

On December 2, 2025, Petitioner Randu Escoto, through counsel, filed the instant petition for writ of habeas corpus in this Court, alleging one claim for "Violation of the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. ("INA"): Request for Relief Pursuant to Maldonado Bautista." (Doc. #1 at 11).

As set forth in Escoto's Verified Petition, Escoto is in the custody of the U.S. Department of Homeland Security ("DHS"), housed at the Greene County, Missouri Jail. Escoto's petition for habeas relief names the following Respondents in their respective official capacities: (1) Jim Arnott, Greene County, Missouri Sheriff and Warden of Greene County Jail who has immediate physical custody of Escoto; (2) Christopher Chamberlain, Assistant Director of the Kansas City

1

Field Office, U.S. Immigration and Customs Enforcement ("ICE") who has legal custody of Escoto; (3) Pamela Bondi, Attorney General of the United States who implements and enforces the INA and oversees the Immigration Court system through the Executive Office for Immigration Review as part of the U.S. Department of Justice; and (4) Kristin Noem, Secretary of DHS, who implements and enforces the INA, oversees ICE, and who has legal custody of Escoto. (Doc. #1).

In 2013, Escoto entered the United States without inspection or authorization. In November 2020, DHS arrested Escoto, and placed him on removal proceedings under 8 U.S.C. § 1229a. Thereafter, Escoto was released on a $5,000 bond.

In July 2025, DHS issued Interim Guidance to ICE employees notifying that "DHS, in coordination with the [DOJ], has revisited its legal position on detention and release authorities. DHS has determined that section 235 of the Immigration and Nationality Act ('INA') [8 U.S.C. § 1225], rather than 236 [8 U.S.C. § 1226], is the applicable immigration detention authority for all applicants for admission. [. . . .]" "ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission" (July 8, 2025), available at aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission. Subsequently, the Board of Immigration Appeals issued its decision in Matter of Jonathan Javier Yajure Hurtado, in which the BIA changed its long-standing position that a person in Escoto's circumstances is not entitled to consideration for release on bond. 29 I. & N. Dec. 216, 2025 WL 2674169 (BIA Sept. 5, 2025); Guzman Coa v. Noem, No. 6:25-cv-03323-BP, at 2 (W.D. Mo. Dec. 2, 2025).

In August 2025, DHS again detained Escoto as "inadmissible" under 8 U.S.C. § 1182(a)(6)(A)(i). Escoto is and has been in ICE custody, and has not been provided a bond hearing on the basis that he is mandatorily detained pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A).

On December 3, 2025, this Court issued an Order to Show Cause why the relief sought in Escoto's petition for habeas relief should not be granted. (Doc. #3). Respondents filed a timely response to the Order to Show Cause (Doc. #4), and Escoto filed a traverse on December 10, 2025 (Doc. #5).

## LEGAL STANDARD

A person detained by the government may challenge the legality of the confinement through a petition for writ of habeas corpus, including an individual challenging detention relating to immigration proceedings. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Zadvydas v. Davis, 533 U.S. 678, 687 (2003); 28 U.SC. § 2241. The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, he must satisfy his burden of proof by a preponderance of the evidence." Freeman v. Pullen, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (quoting McDonald v. Feeley, 535 F. Supp. 3d. 1238, 1235 (W.D.N.Y. 2021) (cleaned up)).

## ANALYSIS

The dispositive issue for Escoto's petition is whether his detention pending removal is discretionary pursuant to § 1226(a), such that he is entitled to a bond hearing, or whether his detention pending removal is mandatory pursuant to § 1225(b)(2)(A).

Escoto argues his detention pending removal proceedings falls under § 236 of the INA, 8 U.S.C. § 1226.

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General – (1) may continue to detain the arrested alien; and (2) may release the alien on – (A) bond of at least $1,500 with security approved by, and conditions prescribed by, the Attorney General; or (B) conditional parole; but (3) may not provide the alien with work authorization . . . unless the alien is lawfully admitted

for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). Escoto asserts he is entitled to a bond hearing because he is detained pursuant to § 1226(a).

In opposition, Respondents assert Escoto's detention pending removal falls under § 235 of the INA, 8 U.S.C. § 1225.

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a ["Removal proceedings"] of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents argue Escoto's detention is mandatory and he is not entitled to a bond hearing because he is detained under § 1225(b)(2)(A).

Before considering the merits of which statute applies to Escoto's circumstances, the Court first considers Respondents' arguments challenging the Court's jurisdiction. Respondents assert statutory arguments for why the Court lacks jurisdiction over Escoto's petition, and also asserts lack of jurisdiction based on failure to exhaust administrative remedies.

### A. The Court has jurisdiction over Escoto's petition.

Respondents argue this Court lacks jurisdiction to consider Escoto's claim under 8 U.S.C. §§ 1252(e)(3), 1252(g), and/or 1252(b)(9).

Section 1252(e)(3) for "[c]hallenges on validity of the system," limits the scope of judicial review of orders under Section 1225(b) and limits venue to the U.S. District Court for the District of Columbia. 8 U.S.C. § 1252(e)(3), (e)(5). Because Escoto's petition does not challenge the constitutionality of § 1225(b), or that a regulation, written policy directive, written policy guideline, or written procedure under § 1225(b) violates the law, § 1252(e)(3) does not deprive the Court of jurisdiction over Escoto's claim. Moreover, § 1252(e)(3) limits judicial review under §

4

1225(b), which, as explained below, does not apply to Escoto's circumstances. Section 1252(e)(3) does not deprive the Court of jurisdiction.

Nor does §§ 1252(g) and/or (b)(9). Subsection (b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Such judicial review is to commence in the Court of Appeals. 8 U.S.C. § 1252(b)(2). However, "§ 1252(b)(9) does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." Dep't of Homeland Sec. v. Regents of the Univ. of Cal., 591 U.S. 1, 19 (2020) (citing Jennings v. Rodriguez, 583 U.S. 281, 293-94 (2018)). Escoto does not seek review of an order of removal, the decision to seek removal, or the process for removability, so § 1252(b)(9) does not deprive this Court of jurisdiction.

Section 1252(g) provides that no court has jurisdiction under any statutory provisions (including 28 U.S.C. § 2241) "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien . . . ." 8 U.S.C. § 1252(g). Like 1252(b)(9), 1252(g) is "narrow" and precludes jurisdiction only over issues that Escoto does not raise here. Dep't of Homeland Sec., 591 U.S. at 19. Section 1252(g) does not deprive the Court of jurisdiction

**B.** **Escoto's petition is not subject to dismissal for failure to exhaust administrative remedies.**

Respondents argue the Court should dismiss Escoto's petition for failure to exhaust administrative remedies because Escoto is not asking the Court to review a final administrative bond order.

Title 8 U.S.C. § 1252(d)(1) provides that exhaustion is required before a final order of removal can be challenged in Court. However, Escoto's claim does not relate to a final order of removal; rather, Escoto seeks relief under 28 U.S.C. § 2241, which does not have an exhaustion requirement. Like other courts to consider the issue, this Court finds § 1252(d)(1) does not require exhaustion when the issue is whether an alien is entitled to a bond hearing. Guzman Coa, No. 25-3323-CV-S-BP, at 4 (citing Miranda v. Garland, 34 F.4th 338, 351 (4th Cir. 2022); Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004); Eliseo A.A. v. Olson, Civ. No. 25-3381 (JWB/DJF), 2025 WL 2886729, at *6 (D. Minn. Oct. 8, 2025)).

Moreover, the Yajure Hurtado decision renders futile any attempt to exhaust administrative remedies as to the issue raised by Escoto here. Guzman Coa, No. 25-CV-3323-CV-S-BP, at 4; Mairena-Munguia v. Arnott, Case No. 6:25-cv-3318-MDH, 2025 WL 3229132, at *2 (W.D. Mo. Nov. 19, 2025); E.M. v. Noem, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *2 n.1 (D. Minn. Nov. 12, 2025) (citing Alvarez Ortiz v. Freden, No. 25-CV-960-LJV, 2025 WL 3085032, at *5 (W.D.N.Y. Nov. 4, 2025)); Eliseo A.A., 2025 WL 2886729, at *6.

Based on the foregoing, Respondents' argument that Escoto's petition should be dismissed for lack of jurisdiction is denied, and the Court thus proceeds to the merits.

**C. Escoto is detained under the INA § 236, 8 U.S.C. § 1226(a).**

Escoto argues he should be granted a bond hearing under § 1226(a). In opposition, Respondents argue Escoto is mandatorily detained under § 1225(b)(2) as an "applicant for admission" who entered the United States without inspection, such that he is not entitled to a bond hearing.

The issue is whether Escoto is detained pursuant to § 1226(a) such that he is entitled to a bond hearing or § 1225(b)(2) such that he is not.

6

To determine which statute applies to Escoto's circumstances, the Court begins with the statutes' plain language. Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc., 651 F.3d 857, 862 (8th Cir. 2011). Additionally, "the title of a statute and the heading of a section are tools available for the resolution of doubt about the meaning of a statute." Dubin v. United States, 599 U.S. 110, 120-21 (2023). Also, "when deciding whether the language is plain, the Court must read the words 'in their context and with a view to their place in the overall statutory scheme[,]" because the objective is "to construe statutes, not isolated provisions." King v. Burwell, 576 U.S. 473, 486 (2015).

Section 1226 for "[a]pprehension and detention of aliens" provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Except for aliens described in § 1226(c), which does not apply to Escoto here, the Attorney General may detain the alien or release him or her on bond or conditional parole. 8 U.S.C. § 1226(a)(1), (2).

Section 1225 for "[i]nspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing" provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed . . . an applicant for admission." 8 U.S.C. § 1225(a)(1). "All aliens . . . who are applicants for admission or otherwise seeking admission or readmission to . . . the United States shall be inspected by immigration officers." 8 U.S.C. § 1225(a)(3).

Section 1225(b) discusses the inspection referenced in subsection (a). Section 1225(b)(1) applies to aliens "who [are] arriving in the United States" who are inadmissible for specific reasons such as "fraud, misrepresentation, or lack of valid documentation." Jennings, 583 U.S. at 287 (citing 8 U.S.C. § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7))). "Section 1225(b)(2) is, in one

7

sense, broader" in its application to "other aliens" not addressed in § 1225(b)(1), but is, in another sense, narrower in that it applies to "alien[s] seeking admission." Guzman Coa, No. 6:25-cv-03323, at 6; 8 U.S.C. § 1225(b)(2)(A) ("Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a ["Removal proceedings"] of this title.").

Respondents argue § 1225(b)(2)(A) applies to Escoto in that he is an "applicant for admission" under § 1225(a)(1), as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225(a)(1). Respondents further argue § 1225(b)(2)(A) requires detention pending removal proceedings unless "the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted . . . .", such that Escoto is also necessarily "an alien seeking admission."

However, the construction suggested by Respondents is not supported by the statutory text. Congress specified that the mandatory detention provision of § 1225(b)(2)(A) applies to those "seeking admission," as opposed to using the phrase "applicant for admission" that it defined in § 1225(a)(1). Congress could have drafted § 1225(b)(2)(A) to provide that "if the examining immigration officer determines that an *applicant for admission* is not clearly and beyond a doubt entitled to be admitted he or she shall be detained" – but it did not.

Here, while Escoto may be an applicant for admission under § 1225(a)(1), he was never "seeking admission." Therefore, contrary to Respondents' assertions, § 1225(b)(2)(A) providing for mandatory detention pending removal proceedings does not apply to Escoto's circumstances. Mairena-Munguia, 2025 WL 3229132, at *3 (citing Hernandez-Cuevas v. Olson, No. 4:26-cv-

00830-BP, at 3 (W.D. Mo. Nov. 5, 2025); Barrera v. Tindall, Civil Action No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025)).

Rather, Escoto entered the U.S. without inspection in 2013. (Doc. #1 at 6); (Doc. #1 at 3) (alleging membership in the Bond Eligible Class defined in Maldonado Bautista as noncitizens in the U.S. without lawful status, who entered without inspection, who were not apprehended on arrival, and who are not and will not be subject to detention under § 1226(c), § 1225(b)(1), or § 1231 at the time of DHS's initial custody determination, 2025 WL 3288403, at *1). Though Escoto falls into the definition of an applicant for admission as it is defined in § 1225(a)(1), there is no basis for the conclusion that he was ever "seeking admission" such that his detention would fall under § 1225(b)(2)(A).

> Had Congress intended for [§ 1225(b)(2)(A)] to apply to all applicants for admission, it could have said so by simply replacing the phrase 'an alien seeking admission' with the term 'an applicant for admission;' or to be even more succinct, it could have replaced the phrase 'an alien seeking admission' with the word 'alien.' Under either of these constructions, it would be clear that 'applicant for admission' means the same thing as 'alien seeking admission,' which is Respondents' interpretation of the statute. But this is not the language Congress chose.

Guzman Coa, No. 6:25-cv-03323-BP, at 6 (citing J.A.M. v. Streeval, CASE NO. 4:25-cv-342 (CDL), 2025 WL 3050094, at *2 (M.D. Ga. Nov. 1, 2025)). Respondents' suggested interpretation would "completely ignore, or even read out, the term 'seeking' from 'seeking admission.' The term 'seeking' implies action. Noncitizens who are present in the country for years, like [Escoto] . . . are not actively 'seeking admission.'" Guzman Coa, No. 6:25-cv-03323-BP, at 7 (citing Barrera, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citations omitted); Guzman Coa, No. 6:25-cv-03323-BP at 7, n.5 (collecting cases).

This conclusion is further supported by Congress's recent amendments to § 1226. In 2025, Congress passed the Laken Riley Act which added § 1226(c)(1)(E), to require detention of aliens

9

Case 6:25-cv-03364-BCW   Document 6   Filed 12/17/25   Page 9 of 11

who are "(i) inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of [certain enumerated criminal acts] . . . ." 8 U.S.C. § 1226(c)(1)(E).

If Respondents' suggested construction of § 1225(b)(2)(A) for mandatory detention pending removal was correct, the 2025 amendment to § 1226 would serve no purpose – aliens who are inadmissible under § 1182(a) would already be subject to mandatory detention without the opportunity for a bond hearing under § 1225(b)(2)(A). Corley v. United States, 556 U.S. 303, 314 (2009) (statutes should be construed to give effect to all provisions, "so that no part will be inoperative or superfluous, void, or insignificant"); Stone v. I.N.S., 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, [courts] presume it intends its amendment to have real and substantial effect."). Since Respondents' interpretation renders the 2025 amendment to § 1226 superfluous, the Court is unpersuaded by Respondents' position.

Finally, to the extent Respondents rely on Yajure Hurtado to support their argument that Escoto is mandatorily detained under § 1225(b)(2)(A) and not eligible for a bond hearing under § 1226(a), this BIA decision is not entitled to deference for several reasons. First, the issue involves statutory interpretation, and not the exercise of agency discretion. Loper Bright Enters. v. Raimondo, 603 U.S. 369, 385-88 (2024). Second, the Yajure Hurtado decision is contrary to longstanding agency practice and interpretation of applicable statutes. Id.; Guzman Coa, No. 6:25-cv-03323-BP, at 9 n.10 (collecting cases).

For these reasons, Escoto's detention pending removal is under § 1226(a), under which he has the right to a bond hearing. Because this determination, based on a statutory construction, is a sufficient basis on which to grant Escoto's petition for habeas relief under § 2241, the Court need

10

not consider Escoto's other arguments rooted in the Due Process Clause and/or his membership in the Bond Eligible Class in <u>Maldonado Bautista</u>. Accordingly, it is hereby

ORDERED Petitioner Randu Escoto's Verified Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED. Petitioner is not subject to mandatory detention under § 1225 and is entitled to a bond hearing under § 1226. Respondents are ORDERED to either release Petitioner or grant him a bond hearing within seven (7) days of the date of this Order.

IT IS SO ORDERED.


Date: <u>December 17, 2025</u>　　　　　　　　　　　<u>/s/ Brian C. Wimes</u>
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE BRIAN C. WIMES
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT